NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL W. LEWIS,<br><br>        Petitioner,<br><br>  vs.<br><br>B. CURRY, Warden,<br><br>        Respondent. | No. C 08-02191 JF (PR)<br><br>ORDER TO SHOW CAUSE |

Petitioner, a state prisoner proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the decision of the Board of Parole Hearings ("BPH") finding him unsuitable for parole. Petitioner has paid the filing fee. The Court orders Respondent to show cause why the petition should not be granted.

**STATEMENT**

According to the petition, on November 21, 1988, Petitioner was sentenced to a term of fifteen-years-to-life in state prison upon his guilty plea to second degree murder in the County of Los Angeles Superior Court. Petitioner challenges the BPH's decision denying him parole after his fourth parole suitability hearing on October 12, 2007. Petitioner filed habeas petitions in the state superior court, state appellate court, and the

1  state supreme court, all of which were denied as of March 19, 2008.  Petitioner filed the
2  instant federal petition on April 28, 2008.

## DISCUSSION

**A.     Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**B.     Petitioner's Claims**

As grounds for federal habeas relief, Petitioner alleges that "the [BPH]'s denial of parole suitability violated the 'some evidence' standard and Petitioner's constitutional right to due process under the 5th and 14th Amendments."  (Pet. 12.)  Petitioner also claims that the BPH's use of "multiple victims" evidence in support of their decision violates the terms of his plea agreement.  (Pet. 10.)  Liberally construed, Petitioner's claims are cognizable under § 2254.  The Court orders Respondent to show cause why the petition should not be granted.

## CONCLUSION

1.     The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on the Petitioner.

2.     Respondent shall file with the Court and serve on Petitioner, **within sixty (60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of

1  the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus
2  should not be granted.  Respondent shall file with the answer and serve on Petitioner a
3  copy of all portions of the state parole record that have been transcribed previously and
4  that are relevant to a determination of the issues presented by the petition.

5    If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
6  with the Court and serving it on Respondent **within thirty (30) days** of his receipt of the
7  answer.

8    3.   Respondent may file a motion to dismiss on procedural grounds in lieu of
9  an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
10  Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file
11  with the Court and serve on Respondent an opposition or statement of non-opposition
12  **within thirty (30) days** of receipt of the motion, and Respondent shall file with the court
13  and serve on Petitioner a reply **within fifteen (15) days** of receipt of any opposition.

14    4.   It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded
15  that all communications with the Court must be served on respondent by mailing a true
16  copy of the document to Respondent's counsel.  Petitioner must keep the Court and all
17  parties informed of any change of address by filing a separate paper captioned "Notice of
18  Change of Address."  He must comply with the Court's orders in a timely fashion.
19  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
20  to Federal Rule of Civil Procedure 41(b).

21    IT IS SO ORDERED.
22  DATED: 7/23/08 _____

     _____
     JEREMY FOGEL
     United States District Judge

Order to Show Cause
P:\PRO-SE\SJ.JF\HC.08\Lewis02191_osc-parole.wpd         3