NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SAMUEL W. LEWIS, | ) | No. C 08-02191 JF (PR) |
| Petitioner, | ) ) ) | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | ) ) | |
| B. CURRY, Warden, | ) ) | |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the decision of the Board of Parole Hearings (the "Board") finding him unsuitable for parole. The Court found that the petition stated cognizable claims and ordered Respondent to show cause why the petition should not be granted. Respondent filed an answer addressing the merits of the petition, and Petitioner filed a traverse. Having reviewed the papers and the underlying record, the Court concludes that Petitioner is not entitled to relief based on the claims presented and will deny the petition.

///

///

///

# BACKGROUND

According to the petition, on November 21, 1988, Petitioner was sentenced to a term of fifteen-years-to-life in state prison upon his guilty plea to second degree murder in the County of Los Angeles Superior Court. Petitioner challenges the Board's decision denying him parole after his fourth parole suitability hearing on October 12, 2007. Petitioner filed habeas petitions in the state superior court, state appellate court, and the state supreme court, all of which were denied as of March 19, 2008. Petitioner filed the instant federal petition on April 28, 2008.

# DISCUSSION

## A. Standard of Review

This Court will entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-413 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because that court

concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was 'objectively unreasonable.'" Id. at 409. In examining whether the state court decision was objectively unreasonable, the inquiry may require analysis of the state court's method as well as its result. Nunes v. Mueller, 350 F.3d 1045, 1054 (9th Cir. 2003). The standard for "objectively unreasonable" is not "clear error" because "[t]hese two standards . . . are not the same. The gloss of error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Lockyer v. Andrade, 538 U.S. 63, 75 (2003).

A federal habeas court may grant the writ if it concludes that the state court's adjudication of the claim "results in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Where, as here, the highest state court to consider Petitioner's claims issued a summary opinion which does not explain the rationale of its decision, federal review under § 2254(d) is of the last state court opinion to reach the merits. See Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991); Bains v. Cambra, 204 F.3d 964, 970-71, 973-78 (9th Cir. 2000). In this case, the last state court opinion to address the merits of Petitioner's claims is the opinion of the California Superior Court for the County of Los Angeles. (Resp't Ex. 2 (In re Samuel Lewis, Case No. BH004703, Oct. 29, 2007).)

B. **Legal Claims and Analysis**

As grounds for federal habeas relief, Petitioner alleges that "the [Board]'s denial of parole suitability violated the 'some evidence' standard and Petitioner's constitutional

right to due process under the 5th and 14th Amendments." (Pet. at 12.)  Petitioner also claims that the Board's use of "multiple victims" evidence in support of their decision violates the terms of his plea agreement.  (Id. at 10.)

The Ninth Circuit has determined that a California prisoner with a sentence of a term of years to life with the possibility of parole has a protected liberty interest in release on parole and therefore a right to due process in the parole suitability proceedings.  See McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002) (citing Board of Pardons v. Allen, 482 U.S. 369 (1987); Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1 (1979)).  See also Irons v. Carey, 505 F.3d 846, 851 (9th Cir.), reh'g and reh'g en banc denied, 506 F.3d 951 (9th Cir. 2007); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1127-28 (9th Cir. 2006), reh'g and reh'g en banc denied, No. 05-16455 (9th Cir. Feb. 13, 2007); Biggs v. Terhune, 334 F.3d 910, 915-16 (9th Cir. 2003).

A parole board's decision must be supported by "some evidence" to satisfy the requirements of due process.  Sass, 461 F.3d at 1128-29 (adopting "some evidence" standard for disciplinary hearings outlined in Superintendent v. Hill, 472 U.S. 445, 454-55 (1985)).  The standard of "some evidence" is met if there was some evidence from which the conclusion of the administrative tribunal may be deduced.  See Hill, 472 U.S. at 455.  An examination of the entire record is not required, nor is an independent assessment of the credibility of witnesses nor weighing of the evidence.  Id.  The relevant question is whether there is any evidence in the record that could support the conclusion reached by the Board.  See id.  Accordingly, "if the Board's determination of parole suitability is to satisfy due process there must be some evidence, with some indicia of reliability, to support the decision."  Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir. 2005) (citing McQuillion, 306 F.3d at 904).

When assessing whether a state parole board's suitability determination was supported by "some evidence," the court's analysis is framed by the statutes and regulations governing parole suitability determinations in the relevant state.  Irons, 505 F.3d at 850.  Accordingly, in California, the court must look to California law to

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JF\HC.08\Lewis02191_denyHC-parole.wpd      4

determine the findings that are necessary to deem a prisoner unsuitable for parole, and then must review the record in order to determine whether the state court decision constituted an unreasonable application of the "some evidence" principle. Id.

California Code of Regulations, title 15, section 2402(a) provides that "[t]he panel shall first determine whether the life prisoner is suitable for release on parole. Regardless of the length of time served, a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison." Cal. Code of Regs., tit. 15, § 2402(a). The regulations direct the Board to consider "all relevant, reliable information available." Cal. Code of Regs., tit. 15, § 2402(b). Further, the regulations enumerate various circumstances tending to indicate whether or not an inmate is suitable for parole. Cal. Code of Regs., tit. 15, § 2402(c)-(d).[1]

Most recently, the Ninth Circuit reheard en banc the panel decision in Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008), reh'g en banc granted, 527 F.3d 797 (9th. Cir. 2008), which presented a state prisoner's due process habeas challenge to the denial of parole. The panel opinion concluded that the gravity of the commitment offense had no predictive value regarding the petitioner's suitability for parole and held that the governor's reversal of parole was not supported by some evidence and resulted in a due process violation. 512 F.3d at 546-47. The Ninth Circuit has not yet issued an en banc decision in Hayward.

---

[1] The circumstances tending to show an inmate's unsuitability are: (1) the commitment offense was committed in an "especially heinous, atrocious or cruel manner;" (2) previous record of violence; (3) unstable social history; (4) sadistic sexual offenses; (5) psychological factors such as a "lengthy history of severe mental problems related to the offense;" and (6) prison misconduct. Cal. Code of Regs., tit. 15, § 2402(c). The circumstances tending to show suitability are: (1) no juvenile record; (2) stable social history; (3) signs of remorse; (4) commitment offense was committed as a result of stress which built up over time; (5) Battered Woman Syndrome; (6) lack of criminal history; (7) age is such that it reduces the possibility of recidivism; (8) plans for future including development of marketable skills; and (9) institutional activities that indicate ability to function within the law. Cal. Code of Regs., tit., 15 § 2402(d).

1 | Unless or until the en banc court overrules the holdings in <u>Biggs</u>, <u>Sass</u>, and <u>Irons</u>, it remains the law in this circuit that California's parole scheme creates a federally protected liberty interest in parole and therefore a right to due process, which is satisfied if some evidence supports the Board's parole suitability decision. <u>Sass</u>, 461 F.3d at 1128-29. These cases also hold that the Board may rely on immutable events, such as the nature of the conviction offense and pre-conviction criminality, to find that the prisoner is not currently suitable for parole. <u>Id.</u> at 1129. <u>Biggs</u> and <u>Irons</u> also suggest, however, that over time, the commitment offense and pre-conviction behavior become less reliable predictors of danger to society such that repeated denial of parole based solely on immutable events, regardless of the extent of rehabilitation during incarceration, could violate due process at some point after the prisoner serves the minimum term on his sentence. <u>See</u> <u>Irons</u>, 505 F.3d at 853-54. It is undisputed that Petitioner's minimum parole eligibility date was February 19, 1998.

1. **Some Evidence**

The Board's decision denying parole in this case was based upon its review of the number and nature of the commitment offenses, Petitioner's prior criminal and social history, and his behavior and programming during imprisonment. (Resp't Ex. 3, Ex. 2 at 7 ("Hr'g Tr.").) The Board concluded that Petitioner was "not suitable for parole" and would "pose an unreasonable risk of danger to society or threat to public safety if released from prison at this time." (<u>Id.</u> at 76.) The Board observed that the commitment offense was carried out "in an extremely cruel, brutal, cold and vicious manner" in that it was part of a gang initiation. (<u>Id.</u> at 77.) The state superior court laid out the facts of the crime in its order denying petitioner's state habeas petition:

> The record reflects that on February 15, 1988, the Petitioner got into an argument with Marcos Villegas and challenged him to a fight. Marcos' brother intervened and the Petitioner was heard saying that he was going to get his homeboys and come back. The Petitioner then told some gang members who he associated with about the incident. They gave him a sawed-off shotgun and told him that he could go shoot Marcos as an initiation into the gang. The Petitioner returned to the area he encountered Marcos and saw him standing among a group of people. The Petitioner fired several shots toward the group, missing Marcos. However, Chivogne

1    Perry was shot in the back and killed. Lovel Bllard was shot in the arm and
     April Purcel was shot in the hand, but both survived.
2

3   (Resp't Ex. 2 at 1.)

4        The Board found the "biggest problem" to be the fact that there were multiple

5   victims involved as Petitioner fired multiple rounds into a group of people with the intent

6   of hurting someone. (Hr'g Tr. at 76-78.) The only motive Petitioner had for his actions

7   was to gain membership into a gang. (Id.) The Board also considered Petitioner's

8   behavior during incarceration, noting that he received seven disciplinary reports, at least

9   one of which involved violence. (Id. at 81.) The Board was concerned that it "show[ed]

10  a pattern," and found that Petitioner needed "some [more] time" from his last disciplinary

11  report in 1999. (Id.)

12       The Board acknowledged the presence of several factors tending to show

13  suitability: Petitioner had programmed exceptionally well, having made advances

14  vocationally and educationally, (id. at 80); Petitioner participated in self-help programs,

15  (id.); and Petitioner's last psychological report was supportive of release, (id. at 81).

16  However, while the Board was convinced that Petitioner would eventually be granted

17  parole, it found that a one year denial was appropriate at that time. (Id. at 85.)

18       In its order denying habeas relief, the state superior court determined that the

19  record contained "some evidence" to support the Board's finding that Petitioner was

20  unsuitable for parole. The state court made the following observations:

21        The Court finds that there is some evidence to support the Board's
          findings that the Petitioner's commitment offense killed or injured multiple
22        victims; that it was carried out in a dispassionate and calculated manner;
          and that his motive was very trivial in relation to the offense. Cal. Code
23        Regs., tit. 15, §2402, subds. (c)(1)(A), (c)(1)(E). The Petitioner shot into a
          crowd of people, killing one victim and seriously injuring two others. The
24        Petitioner, with the help of his friends, planned the shooting, armed himself
          with a shotgun and returned to the area where he had argued with Marcos
25        for that purpose. The offense was planned and calculated and the Petitioner
          randomly fired into a crowd was that he had argued with one of the victims'
26        friends and that he wanted to be initiated into the gang that his friends were
          in. These were an extremely trivial motives for the grave offense.
27        The Court finds that there is no evidence to support the Board's
          finding that the offense demonstrated an exceptionally callous disregard for
28        human suffering. Cal. Code Regs., tit. 15, §2402, subd. (c)(1)(D). The

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JF\HC.08\Lewis02191_denyHC-parole.wpd          7

offense was not committed in a more violent manner than is ordinarily shown in the commission of a second-degree murder and there is no evidence on the record of torture, beating, or prolonged suffering inflicted by the Petitioner. Therefore, the offense did not demonstrate an exceptionally callous disregard for human suffering under subdivision (c)(1)(D). See *In re Scott* (2004) 119 Cal.App.4th 871, 891.

  The Court finds that there is some evidence to support the Board's finding that the Petitioner's institutional behavior supports a finding of unsuitability. Cal. Cod Regs., tit. 15, §2402, subd. (c)(6). The Petitioner received seven 115s during his incarceration, two of which were for fighting. Although his violent priors were all prior to 1995, he received a more recent 115 in 1999. His continued violence earlier in prison, as well as his somewhat recent inability to conform to rules weights against his suitability for parole.

  The Board also considered the Petitioner's non-violent prior offense and his gang association. While these factors, alone, may not justify a finding of unsuitability, the Board may properly consider them as relevant to a determination of whether the Petitioner is suitable for parole. Cal. Code Regs., tit. 15, §2402(b).

  The Board also considered the Petitioner's considerable post-conviction gains, including several self-help programs; vocational certificates in forklift operation and dry cleaning; two Associates degrees and additional college course work; as well as his participation in Alcoholics Anonymous. However, they still concluded that the Petitioner would pose an unreasonable threat to public safety. Penal Code §3041(b). The Court finds that there is some evidence to support this determination because of the grave nature of the commitment offense and his prior behavior problems in prison.

(Resp. Ex. at 2-3.)

Even though Petitioner had been incarcerated beyond his minimum term, the evidence before the Board indicated that Petitioner continued to pose an unreasonable risk of danger to society if released. Firstly, the Board properly considered the nature of Petitioner's commitment offense in its decision to deny parole. See In re Rosenkrantz, 29 Cal.4th 616, 682-83 (2002). Furthermore, beyond the commitment offense, the Board found other evidence that Petitioner remained an unreasonable risk of danger to society, *i.e.*, Petitioner's behavioral problems during incarceration. Cal. Code of Regs., tit. 15, § 2402(a); see *supra* 7. Given the circumstances of Petitioner's commitment offense as well as his prison misconduct, the Board's reliance on these factors in denying parole did not violate due process.

  2. **Plea Agreement**

Petitioner's second claim is that the Board's use of "multiple victims" evidence in

1  support of their decision violates the terms of his plea agreement, specifically that he

2  plead guilty to only one court of second degree murder. The state superior court rejected

3  this claim on the merits:

> The Petitioner pled to an indeterminate sentence, which is, in legal effect, a sentence for the maximum term unless the parole authority acts to fix a shorter term. See *In re Dannenberg* (2005) 34 Cal.4th 1061, 1097-1098; *In re Honesto* (2005) 130 Cal.App.4th 81, 92-93. In making this determination, the Board may consider all relevant, reliable information, including injuries to victims, even if the Petitioner was not convicted of those injuries. Cal. Code Regs., tit. 15, §2402(b).

(Resp. Ex. at 3-4.)

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). Plea agreements are contractual in nature and subject to contract law standards of interpretation. In re: Ellis, 356 F.3d 1198, 1209 (9th Cir. 2004). A party breaches a plea bargain if it fails to live up to the promises it made under the agreement. See Buckley v. Terhune, 441 F.3d 688, 698 (9th Cir. 2006) (en banc); Brown v. Poole, 337 F.3d 1155, 1159-61 (9th Cir. 2003) (government breached plea agreement to release defendant in 7 ½ years if she did not violate prison disciplinary rules where defendant remained disciplinary-free and incarcerated for more than 17 years); cf. United States v. Sandoval-Lopez, 122 F.3d 797, 800, 802 (9th Cir. 1997) (defendant whose plea bargain did not contain promise not to file a § 2255 motion did not breach or repudiate plea bargain when he filed such a motion). First of all, the Board was not privy to Petitioner's plea agreement, and therefore is not bound to the terms therein. Furthermore, Petitioner has failed to identify the term in his plea agreement which specifically forecloses consideration of injuries to other victims, beyond the commitment offense, in determining suitability for parole. The regulations direct the Board to consider "all relevant, reliable information available," Cal. Code of Regs., tit. 15, § 2402(b), which the state court explicitly found "includ[es] injuries to victims, even if the Petitioner was not convicted of those injuries," (Resp. Ex. at 4). Petitioner is not entitled to relief on this claim.

1 | This Court concludes that Petitioner's right to due process and liberty interest were
not violated by the Board's decision to deny parole. The state courts' decisions were not
contrary to, or an unreasonable application of, clearly established Supreme Court
precedent, nor were they based on an unreasonable determination of the facts in light of
the evidence presented. See 28 U.S.C. § 2254(d)(1), (2).

**CONCLUSION**

The Court concludes that Petitioner has failed to show any violation of his federal constitutional rights in the underlying state court proceedings and parole hearing. Accordingly, the petition for writ of habeas corpus is DENIED.

IT IS SO ORDERED.

DATED: 1/26/10

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAMUEL W LEWIS,

        Petitioner,

v.

B CURRY, Warden,

        Respondent.

Case Number: CV08-02191 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 1/29/10, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Samuel W. Lewis E05524
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689

Dated: 1/29/10

Richard W. Wieking, Clerk